UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORINA TWIGG, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>WASHINGTON         VOCATIONAL SERVICES, a Washington State entity; "DOE(S)    1-100",      employees    of WASHINGTON         VOCATIONAL SERVICES; and "CORPORATION(S) XYZ 1-100,"<br><br>                    Defendants. | Case No.    2:22-cv-00571<br><br>**COMPLAINT FOR DAMAGES**<br><br>[JURY DEMAND] |

COMES NOW Plaintiff Corina Twigg, by and through her attorneys of record, Ada K. Wong, Jordan T. Wada, and Nate C. Blanchard of AKW Law, P.C., in the above-entitled matter and alleges as follows:

## I.    PARTIES

1.     Plaintiff Corina Twigg is an adult citizen of the United States.

2.     Defendant Washington Vocational Services (hereinafter "WVS"), is and was at all times material hereto, doing business in Snohomish County, Washington, located at 111 SE Everett Mall Way, Bldg. C, Everett, Washington 98204.  Defendant WVS has employed 15 or more employees

**COMPLAINT FOR DAMAGES - 1**
*TWIGG V. WASHINGTON VOCATIONAL SERVICES, ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

at all relevant times herein; it is an employer as defined in the Washington Law Against Discrimination ("WLAD") and a covered entity as defined in the Americans with Disabilities Act of 1990 ("ADA"). Defendant WVS has employed more than 50 employees at all relevant times herein and is a covered employer as defined in the Family and Medical Leave Act ("FMLA") and is subject to the Employment Protection provisions under Washington Paid Family & Medical Leave ("PFML"), RCW 50A.35.010.

3. Defendants "Doe(s) 1-100," in doing the things complained of herein, were acting within the course and scope of their employment by WVS.

4. Defendants "Corporation(s) XYZ 1-100" are corporations whose identities are unknown to Plaintiff at this time but in doing the things complained of herein, were acting within the course and scope of their relationship with Defendants and/or were entities involved in causing harm to Plaintiff as alleged herein.

5. Each Defendant is, and at all times herein mentioned was, an agent of the other and acting within the course and scope of Defendant WVS in causing the harm as alleged herein.

## II.    JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the Constitution, laws, or treaties of the United States, namely the ADA. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

7. Venue is proper under 28 U.S.C. § 1391 because Defendant WVS resides in Snohomish County, Washington, and a substantial part of the events or omissions giving rise to the claim occurred in Snohomish County, which is within the district of the Western District of Washington at Seattle.

8. On or about September 24, 2021, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), alleging discrimination on the basis of disability and retaliation against Defendant WVS.  On or about February 2, 2022, Plaintiff

COMPLAINT FOR DAMAGES - 2
*TWIGG V. WASHINGTON VOCATIONAL SERVICES, ET AL.*

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

1    filed an amended charge of discrimination with the EEOC, alleging discrimination on the basis of

2    disability and retaliation against Defendant WVS.  On or about April 21, 2022, the EEOC issued

3    Plaintiff a Notice of Right to Sue at Plaintiff's request.

4                                          **III.    FACTS**

5          9.      On or about October 26, 2015, Plaintiff Corina Twigg began working full-time as a

6    Full Charge Bookkeeper with Washington Vocational Services ("WVS").

7          10.     Plaintiff's initial wage was approximately $19 per hour, plus benefits.

8          11.     At the time of her termination on July 23, 2021, Plaintiff's wage was $22.06 per hour,

9    plus benefits.

10         12.     Plaintiff was a hardworking, loyal employee.  She has never been disciplined or written

11   up by WVS.  She enjoyed working at WVS and the workplace community she built there.

12         13.     However, in or around spring 2020, Plaintiff began experiencing medical issues,

13   including severe anxiety and panic attacks.

14         14.     Plaintiff's medical symptoms persisted in the following months.

15         15.     In or around January 2021, Plaintiff sought to remedy her declining health through the

16   assistance of Life Coach Sandy Powers.

17         16.     Despite her best efforts, the ongoing COVID-19 pandemic caused Plaintiff's mental

18   health to severely deteriorate.

19         17.     On or about March 23, 2021, on the recommendation of Life Coach Powers, Plaintiff

20   decided to take three weeks off from work to address her declining mental health.

21         18.     The following day, on or about March 24, 2021, Plaintiff asked WVS Chief Financial

22   Officer ("CFO") Sue Lesh for a meeting to request leave.

23         19.     That same day, Plaintiff and CFO Lesh spoke over the phone about eligibility for

COMPLAINT FOR DAMAGES - 3
*Twigg v. Washington Vocational Services, et al.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

1   different leave options, such as Washington Paid Family and Medical Leave ("PFML"), the federal

2   Family Medical and Leave Act ("FMLA"), or other leave made available during the COVID-19

3   pandemic.

4       20.   CFO Lesh told Plaintiff that she was not eligible for any type of leave.

5       21.   Plaintiff was surprised by CFO Lesh's response, which could not be correct as Plaintiff

6   had worked full-time for Defendant since on or about October 26, 2015.

7       22.   Despite CFO Lesh's discouragement and misinformation, on or about April 2, 2021,

8   Plaintiff decided to apply for PFML.

9       23.   WVS did not immediately meet with Plaintiff to discuss her application for PFML.

10      24.   On or about April 6, 2021, Plaintiff found her work desk had been rummaged through

11   without her knowledge or permission.

12      25.   CFO Lesh confessed that she had searched Plaintiff's desk, purportedly for a document

13   and chocolates.

14      26.   On or about April 7, 2021, CFO Lesh requested to meet with Plaintiff.

15      27.   At this meeting, CFO Lesh alleged that she has been seeing a recent decline in

16   Plaintiff's performance – despite Plaintiff's previous four years of excellent performance.

17      28.   CFO Lesh demanded that Plaintiff take four weeks off from work because the change

18   in her performance was allegedly affecting her coworkers.

19      29.   Plaintiff was dumbfounded by CFO Lesh's comments because she had repeatedly

20   asked CFO Lesh for time away to treat her severe anxiety which had gotten worse in the preceding

21   weeks.  Each request had previously been denied.

22      30.   Plaintiff then informed CFO Lesh that she already applied for leave the prior day.

23      31.   In response to Plaintiff's confirmation that she had already applied for leave, CFO Lesh

COMPLAINT FOR DAMAGES - 4
*TWIGG V. WASHINGTON VOCATIONAL SERVICES, ET AL.*

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

1    told Plaintiff that her employment may be in jeopardy at WVS.

2        32.     Plaintiff stated that she believed WVS could not terminate her employment if she was

3    on PFML or FMLA.[1]

4        33.     CFO Lesh acknowledged that she could not terminate Plaintiff while on medical leave.

5        34.     CFO Lesh then stated that she could terminate Plaintiff when she returned for supposed

6    "performance reasons."

7        35.     CFO Lesh went on to state that Plaintiff had "opened a can of worms" by requesting

8    PFML and stated that Plaintiff would have more to prove to return to work from medical leave for

9    mental health reasons than for a physical injury.

10       36.     Plaintiff left this meeting shaken by the CFO Lesh's threats and clear disregard for her

11    statutory rights.

12       37.     On or about April 13, 2021, Plaintiff e-mailed CFO Lesh to reiterate her plan to take

13    PFML, beginning on April 21, 2021, for approximately four to six weeks, depending on her medical

14    provider's recommendation.

15       38.     On or about April 16, 2021, CFO Lesh responded to Plaintiff's email with simply, "I

16    look forward to hearing from you."

17       39.     On or about the same day, April 16, 2021, Plaintiff met with CFO Lesh, who asked

18    Plaintiff to begin her leave early using her own paid time off on April 19 and 20, 2021, prior to the

19    scheduled beginning of Plaintiff's PFML leave.

20       40.     On or about April 19, 2021, Dr. Navdeep Kaur, M.D., of Vein, Vascular, & Aesthetic

21    Associates ("VIVAA"), submitted completed FMLA paperwork to WVS.

22

23

---

[1] At this point, Plaintiff had applied for PFML, not FMLA.

**COMPLAINT FOR DAMAGES - 5**
*TWIGG V. WASHINGTON VOCATIONAL SERVICES, ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

41.     Dr. Kaur's medical documentation stated that Plaintiff needed to be intermittently absent from work over approximately the following three to six months for counseling and/or therapy as needed.

42.     On or about April 23, 2021, Plaintiff received a call from Dr. Kaur's office stating the PFML and FMLA representative at WVS, Controller Janee Davis, contacted their office to confirm the accuracy of the medical certification provided to them.

43.     Despite Dr. Kaur's office confirming the validity of the medical documentation, WVS rejected the leave paperwork allegedly because of multiple colors of ink on it.

44.     Following that phone call, Plaintiff called Controller Davis to inform her that she would have new leave paperwork submitted by Dr. Kaur's office.

45.     During this phone call, Controller Davis told Plaintiff she was not protected and questioned the potential length of Plaintiff's leave.

46.     On or about April 26, 2021, the Washington State Employment Security Department sent Plaintiff a letter advising her that her PFML request was approved from April 18, 2021 to July 17, 2021.

47.     On or about May 13, 2021, CFO Lesh requested Plaintiff to send verification of Plaintiff's recovery process directly to her and Controller Davis.

48.     CFO Lesh added that the update must be sent every 30 days before Plaintiff would be allowed to return to work.

49.     On or about May 18, 2021, Dr. Kaur faxed the completed FMLA paperwork to WVS.

50.     On or about May 19, 2021, Plaintiff received approved FMLA paperwork from WVS stating that her intermittent FMLA leave would begin May 18, 2021.

51.     On or about June 4, 2021, Plaintiff proactively e-mailed Controller Davis to schedule

COMPLAINT FOR DAMAGES - 6
*TWIGG V. WASHINGTON VOCATIONAL SERVICES, ET AL.*

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

1    a return-to-work meeting, but Controller Davis denied Plaintiff's meeting request.

2         52.    On or about June 15, 2021, Plaintiff visited Dr. Kaur to obtain the 30-day status report

3    to send to WVS.

4         53.    Dr. Kaur needed further information from WVS before she could complete the updated

5    status report that WVS had not provided.

6         54.    On or about June 21, 2021, Controller Davis e-mailed Plaintiff to tell her the 30-day

7    status report was delinquent.

8         55.    That same day, Plaintiff responded to Controller Davis to inform her that Dr. Kaur had

9    already contacted WVS about the reports.

10        56.    Controller Davis replied with parts of an FMLA form to be completed by Dr. Kaur and

11   stated that "this documentation is required legally to prevent fraud per the Federal Government."

12        57.    Controller Davis's coarse attitude left Plaintiff feeling anxious and intimidated,

13   particularly because her approved medical leave was being equated to fraud.

14        58.    On or about June 23, 2021, Controller Davis e-mailed Plaintiff her alleged account of

15   a conversation she had with the Department of Labor and Industries ("L&I").

16        59.    Controller Davis told Plaintiff that after speaking with an L&I representative, her

17   FMLA forms would be investigated as her leave should have been denied based on her submissions.

18        60.    Plaintiff proceeded to then contact L&I herself and was told that there was no

19   investigation pending and no related complaints on file.

20        61.    Plaintiff's anxiety was increasing because of Controller Davis's harassment and

21   intimidation.

22        62.    On or about June 24, 2021, Dr. Kaur completed and submitted a 30-day certification

23   letter, colloquially known as a "30-day status report."

**COMPLAINT FOR DAMAGES - 7**
*TWIGG V. WASHINGTON VOCATIONAL SERVICES, ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

1    63.    WVS did not respond to Dr. Kaur's 30-day status report.

2    64.    On or about July 1, 2021, Plaintiff e-mailed Controller Davis and CFO Lesh to ask if

3    they had received her 30-day status report from Dr. Kaur.

4    65.    Plaintiff also inquired as to the amount of FMLA time she had used to date.

5    66.    Controller Davis responded to Plaintiff that her request for FMLA extension had been

6    denied and that her FMLA time would be exhausted as of July 12, 2021.

7    67.    In reply, Plaintiff clarified that she was not requesting an extension of FMLA time; she

8    was checking to ensure WVS received the 30-day status report it had requested.

9    68.    Plaintiff also restated her question as to the amount of FMLA time she had used to date.

10    69.    Instead of answering the question, Controller Davis provided Plaintiff with additional

11    forms for Plaintiff's provider to complete and return to WVS directly.

12    70.    On or about July 12, 2021, Plaintiff e-mailed Controller Davis and CFO Lesh a copy

13    of the 30-day status report from her psychologist, Jama'l Myers, LMHCA.

14    71.    Later that same day, Plaintiff followed up to ensure Controller Davis received the

15    paperwork from Counselor Myers.

16    72.    Controller Davis stated that she had received the report but had requested Counselor

17    Myers revise his recommendation that Plaintiff needed remote work accommodations.

18    73.    On or about July 14, 2021, Plaintiff asked to schedule a meeting with CFO Lesh to

19    discuss a return to work following her improved mental health from medical leave and treatment.

20    74.    On or about July 15, 2021, Plaintiff followed up with Controller Davis regarding her

21    request to meet with CFO Lesh.

22    75.    Instead of answering Plaintiff's question, Controller Davis revealed that she told

23    Counselor Myers, Plaintiff's psychologist, that working remotely was not an option.

COMPLAINT FOR DAMAGES - 8
*TWIGG V. WASHINGTON VOCATIONAL SERVICES, ET AL.*

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

76.     Controller Davis also questioned Plaintiff's medical treatment by telling Counselor Myers that it appeared Plaintiff was not receiving proper treatment.

77.     Controller Davis wrote that "since you are requesting 'special accommodations,' you are stating that Cori Twigg is not ready to return to work and resume her position."

78.     Later that same day, Plaintiff forwarded an e-mail from Counselor Myers to Controller Davis and CFO Lesh showing that she diligently completed her treatment at Cascade Behavioral Health.

79.     Plaintiff's treatment took place Monday through Friday, 9 a.m. to 12 p.m. each day (sometimes until 1:30 p.m.), from May 13, 2021 to July 8, 2021.

80.     Plaintiff's provider at Cascade Behavioral Health recommended that she continue to see an individual therapist.

81.     Plaintiff thereafter found and began seeing a clinical psychologist, Dr. Kathi Jackson, Ph.D.

82.     Controller Davis replied to Plaintiff that they would only schedule a meeting with CFO Lesh about accommodations once they received a Return-to-Work form.

83.     Feeling as though she was now forced to defend her medically necessary remote work accommodation, Plaintiff asked Dr. Jackson to provide a second opinion.

84.     Plaintiff e-mailed Controller Davis and CFO Lesh, on or about July 19, 2021, advising them that she is no longer a patient at Cascade Behavioral Health and that her new therapist, Dr. Jackson, would review and complete the Return-to-Work form.

85.     On or about July 21, 2021, Plaintiff sent another e-mail to Controller Davis and CFO Lesh to defend her need for temporary, reasonable accommodations.

86.     Plaintiff stated that she had been challenged with exacerbated symptoms, but with the

COMPLAINT FOR DAMAGES - 9
*TWIGG V. WASHINGTON VOCATIONAL SERVICES, ET AL.*

AKW LAW, P.C.
12055 15ᵗʰ Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

accommodations, she has learned the necessary skills to cope with flare-ups to fulfill her job duties.

87. Moreover, Plaintiff went on to describe that, after hard work and with only minimal support from her supervisors, she learned to excel in remote work in her position with WVS.

88. On or about July 22, 2021, CFO Lesh e-mailed Plaintiff asking if she could meet to discuss her return to work on July 23, 2021.

89. Plaintiff agreed to the meeting date and included a letter from Dr. Jackson outlining her recommendations for reasonable accommodations.

90. Dr. Jackson's recommendations requested that Plaintiff be allowed to work remotely for the first week of her return to work and thereafter slowly increase the numbers of days she is in the office to promote a successful recovery.

91. Dr. Jackson's letter also included allowing Plaintiff additional short breaks as needed throughout the day to deescalate any anxiety as it may arise.

92. On or about July 23, 2021, Plaintiff met with CFO Lesh and Controller Davis.

93. Plaintiff also brought a third-party witness to the meeting.

94. CFO Lesh began the meeting by referencing Plaintiff's return to work request and alleged that Plaintiff had been having performance issues in the two years prior to her leave.

95. Plaintiff conveyed her confusion because she was never disciplined or written up during the referenced two-year period.

96. CFO Lesh verbally confirmed that Plaintiff was never disciplined or written up during that time.

97. Plaintiff asked CFO Lesh about whether WVS would be approving her requested accommodations and allowing her to return to work.

98. Instead, CFO Lesh responded that Plaintiff was being terminated, effective

COMPLAINT FOR DAMAGES - 10
*TWIGG V. WASHINGTON VOCATIONAL SERVICES, ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

1   immediately.

2       99.    CFO Lesh followed through on her earlier threat to fire Plaintiff when she returned

3   from leave.

4       100.   CFO Lesh stated that it was a good thing that they are in an "at-will" state because

5   WVS could fire her anytime it wanted.

6       101.   Plaintiff told CFO Lesh how difficult the past 12-weeks had been and that for a

7   company that is supposed to help people with disabilities, it was shocking and disheartening that WVS

8   refused to support one of their own loyal, hardworking, and disabled employees.

9       102.   Plaintiff entered the meeting prepared to settle her accommodations request and return

10  to working hard for WVS.  Instead, she left WVS emotionally crushed and defeated.

11                    **IV.    FIRST CAUSE OF ACTION**

12          **(AMERICANS WITH DISABILITIES ACT – DISABILITY DISCRIMINATION)**

13      103.   Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1

14  through 102 above.

15      104.   Plaintiff is a qualified individual with disabilities that limit major life activities.

16      105.   Defendant WVS treated Plaintiff differently in terms and conditions of her employment

17  on the basis of the presence of a disability, her record of disability, and/or because it regarded Plaintiff

18  as disabled, in violation of the Americans with Disabilities Act of 1990, as amended, and Americans

19  with Disabilities Amendments Act of 2008, 29 U.S.C. §§ 12101 *et seq*. (collectively "ADA").

20      106.   As a direct and proximate cause of Defendants' deliberate actions, including

21  termination and/or constructive discharge of Plaintiff, Plaintiff incurred non-economic and economic

22  damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning

23

**COMPLAINT FOR DAMAGES - 11**
*TWIGG V. WASHINGTON VOCATIONAL SERVICES, ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

capacity, mental distress, physical damages, emotional distress and pain and suffering in an amount to be proven at trial.

107.    The conduct of Defendants, and each of them, was done in reckless and conscious disregard of Plaintiff's statutory rights and in conscious disregard of the pain and suffering it was bound to inflict upon Plaintiff for which an award of punitive damages is mandated against each Defendant.

108.    All Defendants are liable for said conduct under both vicarious liability and on agency relationship.

## SECOND CAUSE OF ACTION

## (AMERICANS WITH DISABILITES ACT – FAILURE TO ACCOMODATE)

109.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 108, above.

110.    Plaintiff is a qualified individual with disabilities that limit major life activities.

111.    Defendant WVS had notice of Plaintiff's disabilities.

112.    Defendant WVS failed to provide reasonable accommodations for Plaintiff as required by law.

113.    Defendant WVS also failed to engage in an interactive process in exploring possible reasonable accommodations for Plaintiff as required by law.

114.    As a direct and proximate cause of Defendants' deliberate actions, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress and pain and suffering in an amount to be proven at trial.

**COMPLAINT FOR DAMAGES - 12**
*TWIGG V. WASHINGTON VOCATIONAL SERVICES, ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

115.    The conduct of Defendants, and each of them, was done in reckless and conscious disregard of Plaintiff's statutory rights and in conscious disregard of the pain and suffering it was bound to inflict upon Plaintiff for which an award of punitive damages is mandated against each Defendant.

116.    All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

### THIRD CAUSE OF ACTION

### (AMERICANS WITH DISABILITES ACT – RETALIATION)

117.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 116, above.

118.    Plaintiff has a right to request reasonable accommodations for substantially limiting disabilities under the ADA.

119.    Defendant WVS retaliated against Plaintiff because of Plaintiff's protected activities in violation of the ADA.

120.    As a direct and proximate cause of Defendants' actions, including termination and/or constructive discharge of Plaintiff, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial. Plaintiff is entitled to equitable relief for Defendants' retaliation against her in violation of the ADA, including, but not limited to, reinstatement or hiring, back pay, front pay, injunctive relief, and any other equitable relief as the court deems appropriate.

121.    All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

**COMPLAINT FOR DAMAGES - 13**
*TWIGG V. WASHINGTON VOCATIONAL SERVICES, ET AL.*

**AKW LAW**, P.C.
12055 15ᵗʰ Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

1

2

**FOURTH CAUSE OF ACTION**

**(WLAD – DISABILITY DISCRIMINATION)**

3       122.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1

4  through 121, above.

5       123.     Defendant WVS treated Plaintiff differently in the terms and conditions of her

6  employment on the basis of the presence of a sensory, mental, or physical disability and/or because of

7  Plaintiff's actual, record of, or perceived disability in violation of the Washington Law Against

8  Discrimination, RCW 49.60, *et seq.* ("WLAD").

9       124.    As a direct and proximate cause of Defendants' actions, including termination and/or

10  constructive discharge of Plaintiff, Plaintiff incurred non-economic and economic damages, including

11  but not limited to lost wages, future wage loss, loss of health and other benefits, loss of earning

12  capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount

13  to be proven at trial.

14       125.    All Defendants are liable for said conduct under both vicarious liability and on an

15  agency relationship.

16

17

**FIFTH CAUSE OF ACTION**

**(WLAD – FAILURE TO ACCOMMODATE)**

18       126.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1

19  through 125, above.

20       127.    Defendant WVS had notice of Plaintiff's disabilities.

21       128.    Defendant WVS failed to provide reasonable accommodations for Plaintiff as required

22  by law.

23       129.    Defendant WVS also failed to engage in an interactive process in exploring possible

**COMPLAINT FOR DAMAGES - 14**
*TWIGG V. WASHINGTON VOCATIONAL SERVICES, ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

1  reasonable accommodations for Plaintiff as required by law.

2      130.   Providing reasonable accommodations to Plaintiff to allow her to remedy any

3  performance deficiencies or otherwise continue to work would not have posed an undue hardship to

4  Defendant WVS.

5      131.   As a direct and proximate cause of Defendants' deliberate actions, Plaintiff incurred

6  non-economic and economic damages, including but not limited to lost wages, future wage loss, other

7  benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and

8  suffering, in an amount to be proven at trial.

9      132.   All Defendants are liable for said conduct under both vicarious liability and on an

10  agency relationship

11                              **SIXTH CAUSE OF ACTION**

12                              **(WLAD – RETALIATION)**

13      133.   Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1

14  through 132, above.

15      134.   Plaintiff was treated differently and ultimately terminated in retaliation for her

16  protected activities related to her requests for disability accommodation, in violation of the WLAD.

17      135.   As a direct and proximate cause of Defendants' deliberate actions, including

18  termination and/or constructive discharge of Plaintiff, Plaintiff incurred non-economic and economic

19  damages, including but not limited to lost wages, future wage loss, loss of health and other benefits,

20  loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering,

21  in an amount to be proven at trial.

22      136.   All Defendants are liable for said conduct under both vicarious liability and on an

23  agency relationship.

**COMPLAINT FOR DAMAGES - 15**
*TWIGG V. WASHINGTON VOCATIONAL SERVICES, ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

**SEVENTH CAUSE OF ACTION**

**(FAMILY AND MEDICAL LEAVE – RCW 50A.40.010 – INTERFERENCE)**

137.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 136, above.

138.    Defendant WVS interfered with Plaintiff's right to take leave under Washington Paid Family and Medical Leave, Title 50A RCW ("PFML"), by intentionally interfering with her efforts to apply for and take PFML leave, failing to return her to her former position or an equivalent position when her leave ended, and by terminating her immediately upon her return from PFML leave.  Said actions constitute interference with Plaintiff's PFML rights.

139.    As a direct and proximate cause of Defendants' deliberate actions, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

140.    The conduct of Defendants, and each of them, was done knowingly and intentionally, for which an award of liquidated damages is mandated against each Defendant.

141.    All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

**EIGHTH CAUSE OF ACTION**

**(WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY)**

142.  Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 140, above.

143.    A common law wrongful discharge in violation of public policy claim may be predicated on an employer's conduct contradicting the clearly articulated public policy against

COMPLAINT FOR DAMAGES - 16
*TWIGG V. WASHINGTON VOCATIONAL SERVICES, ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

1 discrimination declared in the WLAD.  *See Roberts v. Dudley*, 140 Wn.2d 58, 77 (2000).

2     144.   A common law wrongful discharge in violation of public policy claim may be

3 predicated on an employer's conduct contradicting a clearly articulated public policy where an

4 employee is fired for exercising a legal right or privilege.  *Rose v. Anderson Hay & Grain Co.*, 184

5 Wn.2d 268 (2015); *Gardner v. Loomis Armored, Inc.*, 128 Wn.2d 931, 936 (1996).  Washington PFML

6 provides a legal right to PFML leave.  *See* Title 50A RCW.

7     145.   Defendant WVS wrongfully discharged Plaintiff on the basis of her disability in

8 violation of the public policies declared in the WLAD.

9     146.   Defendant WVS wrongfully discharged Plaintiff because she communicated her

10 intention to and did exercise her right to take PFML leave.

11     147.   As a direct and proximate cause of Defendants' wrongful discharge of Plaintiff,

12 Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future

13 wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional

14 distress, and pain and suffering, in an amount to be proven at trial.  All Defendants are liable for said

15 conduct under both vicarious liability and on an agency relationship

16 **NINTH CAUSE OF ACTION**

17 **(NEGLIGENT SUPERVISION AND HIRING AND FAILURE TO TRAIN)**

18     148.   Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1

19 through 147, above.

20     149.   Defendant WVS was negligent in training, hiring, managing, and/or supervising their

21 managers, supervisors, employees, and/or agents.  Defendant WVS was aware or should have been

22 aware of the unlawful actions of their managers, supervisors, employees, and/or agents, and the

23 failures to correct the wrongful conduct.

**COMPLAINT FOR DAMAGES - 17**
*TWIGG V. WASHINGTON VOCATIONAL SERVICES, ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

150.    As a direct and proximate cause of Defendant WVS's negligent supervision and hiring and failure to train, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

151.    Defendant WVS is liable for all actions of its employees, managers, and supervisors under the Doctrine of *Respondeat Superior.*  The conduct of these employees, managers, and agents was implicitly ratified by Defendant WVS.

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment against Defendants on her behalf for the following:

A.    Special damages in an amount according to proof at trial;

B.    General damages, including but not limited to physical, mental, and emotional injury resulting from the acts complained of herein;

C.    Attorney's fees, prejudgment interest, costs, punitive damages, liquidated damages, and any other appropriate remedy as may be provided by law;

D.    Compensation for any tax penalty associated with recovery; and

E.    For such other and further relief as the court deems just and equitable.

**DATED** April 28, 2022.

**AKW LAW, P.C.**

*/s/ Ada K. Wong*
*/s/ Jordan T. Wada*
*/s/ Nate C. Blanchard*
Ada K. Wong, WSBA #45936
Jordan T. Wada, WSBA #54937

**COMPLAINT FOR DAMAGES - 18**
*TWIGG V. WASHINGTON VOCATIONAL SERVICES, ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Nate C. Blanchard, WSBA #58620
Attorneys for Plaintiff
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel.: (206) 259-1259
Fax: (855) 925-9529
E-mail: ada@akw-law.com
E-mail: jordan@akw-law.com
E-mail: nate@akw-law.com

**COMPLAINT FOR DAMAGES - 19**
*TWIGG V. WASHINGTON VOCATIONAL SERVICES, ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529